UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:18-cv-61555-UNGARO

ALKAWANNA S. KELLEY,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL
UNIVERSITY,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS/FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES ("FIU"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and Southern District of Florida Local Rule 7.1, hereby files this Motion to Dismiss/for More Definite Statement and Incorporated Memorandum of Law, and states:

1.    This is a purported action for damages and declaratory relief arising from Plaintiff's placement or "failure to hire" in an externship while enrolled as a student at FIU. The jumbled allegations of Plaintiff's Amended Complaint attempt to allege discernable causes of action for failure to accommodate under the ADA and Rehabilitation Act, as well as causes of action for purported violations HIPAA and Department of Education guidelines. The entire Amended Complaint is subject to dismissal because it fails to name the proper party, is an improper shotgun pleading that leaves FIU to guess what causes of action Plaintiff is attempting to pursue and against whom those causes of action are asserted, and those causes of action that are

discernable are legally barred. Dismissal is appropriate based on the Amended Complaint's procedural and substantive deficiencies.

2.     Florida law requires that, in order to pursue a cause of action against a State university, the proper party to the action is the Board of Trustees of the university, not the university itself. The Board of Trustees is the public body corporate with the power to sue and be sued. Fla. Stat. § 1001.72(1)*; see also* article IX, section 7(c), Fla. Const.  By naming FIU as a party to this suit, rather than The Florida International University Board of Trustees, Plaintiff has sued an entity that cannot be party to the suit and the Amended Complaint is subject to dismissal for failing to name the proper party. *See e.g.*, *Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008); *U.S. Equal Emp't Opportunity Comm'n v. Fla. Gulf Coast Univ.*, 2007 WL 2077577, at *2 (M.D. Fla. 2007).

3.     Any purported cause of action for violations of HIPAA privacy laws or violations of federal regulations or guidelines must be dismissed with prejudice because there is no private right of action for such violations. The provisions of 42 U.S.C. § 1320d *et seq*, state that only health care providers and health plans are subject to the privacy laws and defines what entities are considered covered providers or plans. Employers and universities in this context are not considered medical providers under these rules and are not subject to the privacy laws. *See Farnham v. Riimic, LLC*, 2012 WL 3962897, at *2 (S.D. Fla. 2012) (employers are not subject to HIPAA privacy laws). Even if FIU were an entity subject to HIPAA privacy laws, it is well settled in this Circuit that HIPAA itself does not create an express or implied private right of action. *Bourguignon v. Johnson*, 2015 WL 1348446, at *3 (M.D. Fla. 2015) (citing *Bradley v. Pfizer, Inc.,* 440 Fed. Appx. 805, 809 (11th Cir. 2011).

4.  Similarly, a plaintiff cannot state a cause of action for an alleged violation of federal regulations or guidelines simply by alleging the elements of the violation. It must also be shown that the regulation or guideline at issue actually creates a private right of action. *Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1353 (M.D. Ga. 2007); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002). Any purported claim based on violations of HIPAA or any other federal regulation must be dismissed with prejudice because a private right of action does not exist.

5.  Plaintiff's claims are premised on acts that occurred more than 300 days before Plaintiff filed her EEOC Charge and are therefore barred by the statute of limitations. *Doe v. Garrett*, 903 F.2d 1455, 1459 (11th Cir. 1990) (plaintiffs proceeding under the Rehabilitation Act must satisfy the requirement of exhaustion of administrative remedies in the manner prescribed by Title VII); *McClure v. Oasis Outsourcing II, Inc.*, 674 Fed. Appx. 873, 874 (11th Cir. 2016). In the Eleventh Circuit, a plaintiff's claims are barred if not filed with the EEOC within 300 days of the discriminatory act. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). The incidents at issue in this case occurred almost two year prior to the filing of her EEOC Charge and are therefore barred as a matter of law. *Id*.

6.  Lastly, Plaintiff's claims for disability discrimination must be dismissed because she was not a prospective "employee" within the meaning of the civil rights statutes and because she has failed to state a *prima facie* case. In accordance with Eleventh Circuit precedent, the EEOC determined that Plaintiff's Charge should be dismissed because no employer-employee relationship existed, given the absence of any financial benefit. This determination was attached to the Amended Complaint and therefore controls over any contrary allegations. *Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998); *Crenshaw v. Lister*, 556 F.3d 1283,

1292 (11th Cir. 2009). Because Plaintiff has failed to meet this jurisdictional requirement, her ADA and Rehabilitation Act claims should be dismissed with prejudice. *Id*.

7. Even assuming Plaintiff could meet this jurisdictional requirement, she still has not stated a *prima facie* case as a matter of law. To state claim under either Act, the Plaintiff must allege sufficient facts demonstrating that she (1) is disabled; (2) is able to perform the essential functions of the job with or without reasonable accommodation, and (3) that she was subjected to discrimination because of her disability. *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263-64 (11th Cir. 2007); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). The Amended Complaint is devoid of any allegation making even the most conclusory reference to the elements of the cause of action. Plaintiff has therefore failed to state a plausible claim for relief. The Amended Complaint must be dismissed in its entirety for failure to state a cause of action.

## **MEMORANDUM OF LAW**

### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

Additionally, when suing a State university, the proper entity to sue is the Board of Trustees of that university. Under Florida law, a university "is not endowed with separate corporate existence, or with the authority to be sued in its own name. Rather, those characteristics are bestowed upon the Board of Regents, as head of the State's University System." *Byron v. University of Florida*, 403 F.Supp. 49, 54 (N.D. Fla. 1975). In 2002, the Florida Legislature reorganized the State University System and replaced the state Board of Regents with a statewide Board of Governors and Boards of Trustees for each State University along with Florida voters approving a Constitutional Amendment. *See* Fla. Laws 2002, c. 2002-387, eff. Jan. 7, 2003; Art. IX, section 7, Fla. Stat. Consequently, each state university's Board of Trustees:

> "[s]hall be a public body corporate…with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted with, *to sue and be sued*, to plead and be impleaded in all courts of law or equity, and to give and receive donations. In all suits against a board of trustees, service of process shall be made on the chair of the board of trustees, or in the absence of the chair, on the corporate secretary or designee" (emphasis added). Fla. Stat. §1001.72(1).

Under Federal Rule of Civil Procedure 4(j)(2), proper notice is provided to a state created government agency when the plaintiff provides a copy of the summons and complaint in the

manner prescribed by state law. *See Cornwall v. Miami-Dade County Corr. & Rehab. Dept.*, 2011 WL 3878352 (S.D. Fla. 2011). As an entity that cannot sue or be sued in its own name, FIU is not subject to service of process. *See* Fla. Stat. §1001.72(1). Because the summons was addressed to, and the Amended Complaint named, Florida International University, rather than its Board of Trustees, the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(4) due to insufficient process. *See e.g.*, *Miller v. United States*, 2011 WL 1750442 (N.D. Fla. 2011). Plaintiff has failed to perfect valid service of process; hence, this court lacks jurisdiction render judgment and should dismiss the Amended Complaint. *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1299 (11th Cir. 2008).

Without suing a legitimate entity, the Plaintiff has failed to perfect service or process or state a cause of action upon which relief may be granted and the complaint must be dismissed. *See e.g.*, *Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012) (finding insufficiency of process against college and granting dismissal of case because plaintiff failed to name college's board of trustees, which was proper defendant to suit); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008) (granting defendant's motion to dismiss because university's board of trustees was not named as defendant); *U.S. Equal Emp't Opportunity Comm'n  v. Fla. Gulf Coast Univ.*, 2007 WL 2077577, at *2 (M.D. Fla. 2007) (dismissing action against Florida Gulf Coast University on basis that complaint did not name proper party).

Although a plaintiff is admittedly entitled to an opportunity to amend a complaint to name the proper party, amendment of a complaint should not be allowed when such an amendment would be futile. *Owens v. Sec'y, Florida Dept. of Corr.*, 2015 WL 794910, at *2 (11th Cir. 2015) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004)).

All of the claims alleged against FIU are subject to dismissal with prejudice for failure to state a claim and because they are time barred.

I. **PLAINTIFF'S SHOTGUN PLEADING MAKES IT IMPOSSIBLE TO DISCERN THE CAUSES OF ACTION BEING ALLEGED AGAINST FIU**

In addition to the pleading requirements of Rule 8, Federal Rule of Civil Procedure 10(b) further requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances… If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Shotgun pleadings that run afoul of these requirements must be dismissed as a matter of law.

In a recent opinion, the Eleventh Circuit conducted an in-depth analysis of the various forms of shotgun pleadings that have developed over the years. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The next category includes "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1321-22. The third category consists of complaints that "commit the sin of not separating into a different count each cause of action or claim for relief." *Id*. at 1322-23. Lastly, "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

The Amended Complaint runs afoul of all but the first category of shotgun pleadings. The Amended Complaint does not contain a single count specifying any particular cause of action. Moreover, much of the Amended Complaint addresses supposed wrongdoings of the EEOC. It is also impossible to distinguish which acts Plaintiff alleges are attributable to Banyan Health or FIU. Because the Amended Complaint does not connect any of the allegations to a particular cause of action or defendant, it is impossible for FIU to determine what claims Plaintiff asserts against it or for which acts and omissions FIU is allegedly liable. The complete lack of clarity in Plaintiff's pleadings requires dismissal for a more definite statement in compliance with Rules 8 and 10.

## II.     NO CAUSE OF ACTION EXISTS FOR ALLEGED HIPAA OR FEDERAL GUIDELINE VIOLATIONS

The Amended Complaint makes numerous references to alleged violations of HIPAA laws, including in Plaintiff's prayer for relief. Given the vague, rambling, disjointed nature of the pleadings, it is unclear if Plaintiff is actually attempting to assert an independent cause of action under HIPAA. If she in fact is attempting to state such a claim, it must be dismissed with prejudice as a matter of law. The provisions of 42 U.S.C. § 1320d *et seq*, define those entities that are subject to the privacy laws of HIPAA. These regulations state that only health care providers and health plans are subject to the privacy laws and defines what entities are considered covered providers or plans. Employers and universities in this context are not considered medical providers under these rules. *See Farnham v. Riimic, LLC*, 2012 WL 3962897, at *2 (S.D. Fla. 2012) (employers are not subject to HIPAA privacy laws); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, at *4 (N.D. Ga. 2011) (same).

Even if FIU were an entity subject to HIPAA privacy laws in either its capacity as an employer or an education provider, Plaintiff's claim still fails as a matter of law. "There are no federal statutes generally prohibiting the release of medical records by an employer, and there is no general constitutional right to nondisclosure of private information." *Harris v. Vescom Corp.*, 2007 WL 1810159, at *2 (S.D. Ga. 2007) (citing *J.P. v. Desanti,* 653 F.2d 1080, 1090 (6th Cir. 1981)). It is well settled in this Circuit that HIPAA itself does not create an express or implied private right of action. *Bourguignon v. Johnson*, 2015 WL 1348446, at *3 (M.D. Fla. 2015) (citing *Bradley v. Pfizer, Inc.,* 440 Fed. Appx. 805, 809 (11th Cir. 2011); *Crawford v. City of Tampa,* 397 Fed. Appx. 621, 624 (11th Cir. 2010); *Sneed v. Pan Am. Hosp.,* 370 Fed. Appx. 47, 50 (11th Cir. 2010)). The Eleventh Circuit has further refused to hold that HIPAA creates any rights that are enforceable through 42 U.S.C. § 1983. *Sneed,* 370 Fed. Appx. at 50. Any claim premised on alleged HIPAA violations must therefore be dismissed with prejudice as a matter of law.

> Similarly, a plaintiff cannot state a cause of action for an alleged violation of federal regulations or guidelines simply by alleging the elements of the violation. It must also be shown that the regulation or guideline at issue actually creates a private right of action. *Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1353 (M.D. Ga. 2007); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) (no private right of action for violations of FERPA privacy provisions); *Larach v. Standard Chartered Bank Intern. (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1233 (S.D. Fla. 2010). Even in those cases where a statute authorizes a private right of action, a plaintiff may not bring an additional claim based on violations of regulations or guidelines promulgating the statute, to the extent plaintiff claims the regulations or guidelines create any duties separate and apart from the statutory text. *H. v. Montgomery County Bd. of Educ.*, 784 F. Supp. 2d 1247, 1264 (M.D. Ala. 2011). The Amended Complaint makes only vague references to unspecified violations of Department of Education guidelines. These allegations fall far short of demonstrating the existence of a private right of action based on any purported violation. Any claim for relief based on such an alleged violation must therefore be dismissed as a matter of law because the Amended Complaint does not demonstrate the existence of a private right of action.

### III. PLAINTIFF'S CLAIMS UNDER THE ADA AND REHABILITATION ACT ARE BARRED FOR FAILURE TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES

An employee, assuming plaintiff meets this definition in the light most favorable to her, seeking relief for discriminatory or retaliatory acts under the ADA or Rehabilitation Act must conform with the same enforcement provisions set forth in Title VII of the Civil Rights Act. 29 U.S.C. § 794a (citing 42 U.S.C. §2000e-5); 42 U.S.C. § 12117 (citing 42 U.S.C. §2000e-5); *see also Doe v. Garrett*, 903 F.2d 1455, 1459 (11th Cir. 1990) (plaintiffs proceeding under the Rehabilitation Act must satisfy the requirement of exhaustion of administrative remedies in the manner prescribed by Title VII); *McClure v. Oasis Outsourcing II, Inc.*, 674 Fed. Appx. 873, 874 (11th Cir. 2016) ("plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, and this includes the duty to exhaust administrative remedies").

In deferral states such as Florida, an aggrieved person must file a charge with a local agency "within 300 days after the alleged unlawful employment practice occurred . . ." 42 U.S.C § 2000e–5(e)(1). "The requirement. . . that the charge be filed 'after' the practice 'occurred' means that a litigant has up to 180 or 300 days *after* the unlawful practice happened to file with the EEOC." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. Discrete acts, such as termination, suspension, or failure to promote, "start[ ] a new clock for filing charges alleging that act." *Id.* at 113.

In the Eleventh Circuit, a plaintiff's claims are barred if not filed with the EEOC within 300 days of the discriminatory act. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271

(11th Cir. 2002). For statute of limitations purposes, only those allegedly discriminatory acts that occurred within 300 days of the operative EEOC charge can form the basis of an ADA or Rehabilitation Act claim. *Id.*; *see also Doe*, 903 F.2d at 1459 (11th Cir. 1990; *McClure*, 674 Fed. Appx. at 874. A review of the Amended Complaint and exhibits attached thereto conclusively show that Plaintiff filed her Charge well outside the 300-day limitations period. The exhibits show that Plaintiff filed her initial Charge of Discrimination against FIU on July 25, 2016. (p. 36) The addendum to her Charge states that the last discriminatory act occurred in August of 2014. Thus, she did not file her Charge until almost two years after the last discriminatory act. This is well beyond the 300-day limitations period. Plaintiff's claims under the ADA and Rehabilitation Act are therefore time-barred and must be dismissed with prejudice.

### IV. PLAINTIFF WAS NOT AN EMPLOYEE WITHIN THE MEANING OF THE CIVIL RIGHTS STATUTES AND HAS FAILED TO STATE A *PRIMA FACIE* CASE

The ADA and the Rehabilitation Act prohibit employers from discriminating against an employee on the basis of his or her disability. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263-64 (11th Cir. 2007). "The standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act." *Ellis*, 432 F.3d at 1326. Thus, to state claim under either act, the Plaintiff must allege sufficient facts demonstrating that she (1) is disabled; (2) is able to perform the essential functions of the job with or without reasonable accommodation, and (3) that she was subjected to discrimination because of her disability. *Greenberg*, 498 F.3d at 1263.

However, before the merits of Plaintiff's *prima facie* case can be addressed, the preliminary jurisdictional question of whether Plaintiff was an employee within the meaning of

the statutes must first be addressed. *Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998) (addressing whether plaintiff met the statutory definition of an employee under Title VII). To be eligible for relief under these statutes, "the individual must be an employee, *i.e.*, an "individual[ ] who receive[s] compensation from an employer." *Kingsley v. Tellworks Communications, LLC*, 2017 WL 2624555, at *15 (N.D. Ga. 2017), *rep. and rec. adopted,* 2017 WL 2619226 (N.D. Ga. 2017) (citing *Llampallas*, 163 F.3d at 1243). The ADA and Rehabilitation act utilize the same statutory language to define the individuals that are covered under their provisions. *See* 42 U.S.C. §§ 12111, 12117; 29 U.S.C. § 794a. The Eleventh Circuit therefore interprets these statutes to require a financial benefit be conferred on the purported employee, or prospective employee, in order to be a covered individual. *Llampallas*, 163 F.3d at 1243 (citing *O'Connor v. Davis*, 126 F.3d 112, 115-16 (2nd Cir. 1997). Although the specific question has not been addressed by the Eleventh Circuit, the Second Circuit, which applies the same interpretation, has held that an unpaid intern is not an employee because the intern does not receive any direct or indirect financial benefit, whether in the form of compensation or fringe benefits, from the position. *O'Connor*, 126 F.3d at 115-16.

      Here, the Plaintiff alleges that she was denied employment for an internship through her Master's of Social Work program. Consistent with the statutory interpretation set forth by the Eleventh Circuit, the EEOC dismissed Plaintiff's Charge against FIU on the basis that there was no employer-employee relationship. (p. 39). It is the law of this Circuit that "[w]here there is a conflict between allegations in a pleading and exhibits thereto… the exhibits control." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009). Thus, the EEOC determination supports an inference that the internship for which Plaintiff sought employment, as alleged in the Amended Complaint, does not qualify her as a prospective employee under the law. *Id*. Because Plaintiff

was not a prospective employee, her claims for relief are barred as a matter of law and any claim premised on ADA or Rehabilitation Act discrimination must be dismissed with prejudice.

Even assuming Plaintiff could meet this threshold jurisdictional requirement, the vague and conclusory assertions of the Amended Complaint do not state a *prima facie* case. "Disability is defined under the ADA as '(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment.'" *Buford-Clark v. Birmingham Bd. of Educ.*, 2015 WL 225464, at *3 (N.D. Ala. 2015) (citing 42 U.S.C. § 12102(1)). It is not enough for Plaintiff to simply plead ultimate conclusions that she suffers from an impairment, has a record of such impairment, or is regarded as having such an impairment. *See id*. She must also identify the major life activities that are affected by her disability and allege facts that demonstrate how her impairment substantially limits those life activities. *Id*. Likewise, there must be sufficient facts to demonstrate a record of such impairment that significantly limits a major life activity. *Id*. Although the third prong no longer requires allegations that the defendant believed the plaintiff had an impairment affecting a major life activity, Plaintiff must still allege facts supporting a conclusion that FIU perceived her as disabled. *Id*. at *4.

The Amended Complaint does not allege any facts supporting a single one of these elements. Although it makes vague reference to the fact that Plaintiff is disabled and apparently took medication for such a disability, Plaintiff has not even set forth in the most conclusory of terms the disability from which she suffers. The Amended Complaint is likewise devoid of any inference that the individuals responsible for employment decisions at the internship site had record of, or perceived Plaintiff as, disabled. A conclusory statement that the employer knew of Plaintiff's injury and her medical leave is not sufficient to plausibly allege that she was perceived

as disabled. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246-47 (11th Cir. 2015). Nor does the Amended Complaint give any indication that Plaintiff was suffering from a disability that substantially impaired any major life activity. Lastly, the Amended Complaint fails to allege that Plaintiff requested, and was denied, a reasonable accommodation. Instead, Plaintiff alleges that FIU "created a false unreasonable accommodation." (¶24). This vague, conclusory statement fails to plausibly allege that FIU violated either the ADA or Rehabilitation Act. Thus, in the event Plaintiff's claims under the ADA and Rehabilitation are not time-barred, nor barred for lack of jurisdiction, she has nonetheless failed to allege a *prima facie* case as a matter of law.

To the extent Plaintiff attempts to allege any other claims than those addressed in this Motion, such claims are not discernable from the current pleadings. FIU requests that the claims addressed in this Motion be dismissed with prejudice. Thus, any leave to amend should be limited to claims not addressed in this Motion and a more definite statement of those claims, in accordance with the pleading requirements of Federal Rules of Civil Procedure 8 and 10.

WHEREFORE, the Defendant, FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, respectfully requests this Court grant its Motion to Dismiss and/or for More Definite Statement, and any other relief deemed appropriate.

I hereby certify that on this 9th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>MARRERO & WYDLER
>Counsel for Defendant FIU
>2600 Douglas Road, PH-4
>Coral Gables, FL 33134
>(305) 446-5528
>(305) 446-0995 (fax)
>
>
>BY __/s/ Lourdes Espino Wydler_____
>    OSCAR E. MARRERO
>    F.B.N.:  372714
>    oem@marrerolegal.com
>    LOURDES ESPINO WYDLER
>    F.B.N.:  719811
>    lew@marrerolegal.com
>    ALEXANDRA C. HAYES
>    F.B.N.: 109482
>    ach@marrerolegal.com

*Kelley v. Florida International University*
*District Court Case No.: 0:18-cv-61555-UNGARO*
*Page 16*

## **SERVICE LIST**

Alkawanna S. Kelley, Pro Se Plaintiff
10842 Denver Drive
Hollywood, FL 33026

*Kelley v. Florida International University*
*District Court Case No.: 0:18-cv-61555-UNGARO*
*Page 17*