UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61555-UU

ALKAWANNA S. KELLEY,

    Plaintiff,
v.

FLORIDA INTERNATIONAL UNIVERSITY,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss/For More Definite Statement and Incorporated Memorandum of Law (the "Motion to Dismiss"). D.E .5.

The Court has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. On July 9, 2018, Defendant filed its Motion to Dismiss Plaintiff's Complaint, such that Plaintiff's response was due on July 23, 2018 (the "Motion"). D.E. 5. In the Motion, Defendant argues that Plaintiff's complaint fails to allege any discernable cause of action and is a shotgun pleading. D.E. 5. Specifically, Defendant alleges that Defendant named the wrong party because under Florida law, only the Board of Trustees has the power to be sued. Fla. Stat. § 1001.72(1); *see also* article IX, section 7(c), Fla. Const. Accordingly, Defendant asserts that by naming FIU as opposed to the board of trustees, Plaintiff has sued an entity that cannot be party to the suit. *Hankins v. Dean of Commc'ns, Valencia Coll.*, No. 6:12-CV-997-ORL-28, 2012 WL 7050630, at *2 (M.D. Fla. Dec. 21, 2012), report and recommendation adopted, No. 6:12-CV-997-ORL-28, 2013 WL 521676 (M.D. Fla. Feb. 11, 2013) (dismissing case for failure to properly name Valencia College Board of Trustees). Defendant also notes that Plaintiff's HIPAA privacy law claims must be dismissed because

there is private cause of action for such violations and only healthcare providers, not universities, are subject to the HIPAA privacy laws. 42 U.S.C. § 1320d; *Farnham v. Riimic, LLC, No*. 12-60153-CIV, 2012 WL 3962897, at *2 (S.D. Fla. Sept. 11, 2012) (explaining that employers are not covered by HIPAA's privacy rules). In addition, Defendant argues that Plaintiff's rehabilitation act claims are barred by the statute of limitations because they occurred more than 300 days before Plaintiff filed her EEOC charge. Lastly, Defendant notes that Plaintiff's claims for disability discrimination must be dismissed because the EEOC determined that there was no employer-employee relationship between Plaintiff and Defendant. D.E. 1-1. Moreover, Plaintiff has not stated a *prima facie* case because she has not pled that she is disabled, that she was subjected to discrimination by virtue of her disability, and that she was denied a reasonable accommodation. *Greenberg v. BellSouth Telecommunications, Inc*., 498 F.3d 1258, 1263-64 (11th Cir. 2007).

As of July 31, 2018, Plaintiff has not responded to Defendant's Motion to Dismiss. The Court has reviewed the motion and Defendant's arguments and finds that the motion to dismiss should be granted on the merits. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, D.E. 5, is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. It is further

ORDERED AND ADJUDGED that all future hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _31st__day of July, 2018.

*[signature: Ursula Ungaro]*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record
*Pro se* Plaintiff

URSULA UNGARO
UNITED STATES DISTRICT JUDGE