18-CV-61555-UU.

Ms. Alkawanna S. Kelley

10842 Denver Drive

Hollywood FL. 33026

Honorable Judge Ursula Ungaro

Wilkie D. Furguson U.S. District Court House

400 North Miami Avenue Rm. 12-4

Miami, FL.  33128

FILED by _PG_ D.C.

AUG 2 2 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

August 18, 2018

Good Morning/Afternoon Judge Ungaro,

I am urgently and earnestly writing to you to request time to file an amended complaint. I am also requesting information on the time-line to file again in court according to the established judicial rules. My claim was dismissed because I relied on the retainer agreement that I made on 5-17-18 with the Attorney, Kevin Sanderson. I earnestly expected him to help me. I retained Atty. Sanderson on 5-17-18. There was an amount paid by my parents to him of $1,250.00. The agreement was that I pay half of his retainer fee on that date and I pay the other half of the $2,500.00 in September. There was an offer and an acceptance and money was exchanged. Atty. Sanderson just allowed my claim, 18-CV-61555UU, to get dismissed by the Court. He did not even try to help me in any way. He said that he would file a Notice of Appearance document in June, but he never filed one. I worked so hard, as a pro se litigant to preserve my complaint, and he just negligently allowed it to become dismissed. He did not even try to notify the Court in some form or fashion, that I did have representation.

I am very upset that he did not keep his word to me nor my parents. I am also filing a claim with the Florida Bar against him. I am enclosing a copy of the contingency contract for you to examine. My Step-Mother and Father paid Atty. Sanderson. I sincerely would like a chance to continue fighting for justice. In this matter – 18-CV-61555UU.  I am requesting permission to file an enlargement of time request of 75 to 90 days to answer the defendant with an amended complaint. I am seeking legal help and representation at this time.  I am also requesting information on the time-line in which I will have permission from the Court to file an amended complaint. I do apologize for not notifying you sooner, but this action by Atty. Sanderson completely floored me, and I am already battling Depression at this time. I am doing my best to move forward now. I request your permission to move forward. Thank you Honorable Judge Ungaro for your time, perception and information regarding this matter.

Respectfully,

Alkawanna S.Kelley

(954) 589-8147

alstarr@hotmail.com



MERRITT &

SANDERSON, P.A.

Mediterranea Professional Park
690 South Tamiami Trail
Osprey, FL 34229
Tel: (941) 219-4242
Fax: (941) 219-4224
www.mersand.net

## ATTORNEY'S CONTINGENT FEE AGREEMENT

I.      Parties

This agreement is made between Kevin F. Sanderson, Chartered of Merritt & Sanderson, P.A. (the "Firm"), at the above listed address, and **Alkawanna S. "Star" Kelley** (The Client).

II.     Statement and Subject of Retainer

Client retains and employs the Firm to represent her with regard to discrimination case against F.I.U.  Advice as necessary.

Attorney's legal fee in this matter is $2,500 ($1,250 paid); and a contingent percentage of 25% of any recovery.

III.    Attorney's Fees

(a)     Client understands if there is no recovery he/she/they shall owe nothing to the Firm as a fee for services.

(B)     Client understands if a recovery is made for him/er/them, he/she/they shall be obligated to pay the Firm a fee calculated as follows:

(i)     (1)     25% of any recovery up to $1 million dollars; plus

(2)     15% of any portion of the recovery between $1 million and $2 million; plus

(3)     10% of any portion of the recovery exceeding $2 million.

IV.     Legal Services For Other Matters

If Client wishes the Firm provide any legal services not to be provided under this agreement, a separate written agreement between the Firm and Client will be required.

V.      Responsibilities of Firm and Client

Firm will perform the legal services called for under this agreement, keep Client informed of progress and developments and respond promptly to Client's inquiries an communications.

Page 1 of 5

Client will be truthful and cooperative with the Firm and keep the Firm reasonably informed of developments and of Client's address, telephone number and whereabouts.

VI.     Costs and Other Expenses

All costs, necessary disbursements and reasonable expenses incurred by the Firm for and on behalf of the Client and the Client's cause are to be paid by the Client. In the event that such costs, disbursements, or expenses are advanced by the Firm, the Firm shall be reimbursed from that portion of any recovery payable to the Client after calculation of the Firm's contingency fee under this Agreement.

VII.    Attorney's Lien

The Firm is given a lien on the claim of cause of action, on any sum recovered by way of settlement, and on any judgment that may be recovered, for the sum and share mentioned above, as its fee. It is agreed that the Firm shall have all general, possessory, or retaining liens, and all special or charging liens known to the common law. Computation of the lien will be made after deducting from the amount of recovery and returning to the Attorneys any costs or other expenses advanced by them, as provided above.

VIII.   Retention of Attorney's Fees and Advanced Costs from Settlement Proceeds

The Firm may receive the settlement or judgment amount and may retain their percentage attorney's fee. Before disbursing the remainder to the Client, the Firm may deduct the amount of costs and expenses advanced as provided in this agreement.

IX.     Substitution or Discharge of Attorney

The Firm shall be entitled to their full contingent share of any settlement of, or judgment on, the claim for prosecution of which they are retained, notwithstanding the Client may discharge them or obtain a substitution of attorneys before such settlement is made or judgment is had.

X.      Withdrawal of Attorneys

The Attorneys may withdraw from the Client's representation in this claim at any time, on reasonable notice to the client.

XI.     Necessity for Attorney's Consent to Settlement

Page 2 of 5

Client will make no settlement of the claim, or accept any sum as reimbursement for any of his injuries or expenses, without the Firm's consent.

XII.    Favorable Outcome Not Guaranteed

Client understands the Attorneys have made no representations concerning the successful termination of this claim or the favorable outcome of any legal action, and has not guaranteed that it will obtain reimbursement to Client of any of its costs or expenses resulting from the incident out of which the claim arises.  Client expressly acknowledges that all statements of the Firm on these matters are statements of opinion only.

XIII.   Charges to Client Contingent on Recovery

The Parties understand that in the event no recovery is obtained on the claim which is the subject of this retainer agreement, the Firm will make no charges for their time, services, fees, costs, or other expenses which they may have advanced.

XIV.   Entire Agreement

This Agreement contains the entire agreement of the parties.  No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties.

XV.    Severability in Event of Partial Invalidity

If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

XVI.   Modification by Subsequent Agreement

This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement to the extent the parties carry it out.

XVII.  Attorneys' Fees and Costs in Action on Agreement

The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

XVIII. Economically Unfeasible Claims

If the Firm at any time determines a claim covered by this agreement is without merit or continued pursuit or it is economically unfeasible, the Firm may cancel this agreement upon reasonable notice to Client. If this happens, the Client will owe the Firm nothing.

XIX.   Settlement Offer Refused by Client

If an offer of settlement is made, and the Firm recommends to the Client the offer be accepted, but the Client refuses to accept the offer, the Firm may withdraw from representing the Client, so long as withdrawal can be accomplished without prejudicing the claim.   The inconveniences of finding replacement counsel and the possibility replacement counsel cannot be found do not, in and of themselves constitute prejudicing the claim. If the Firm withdraws under these circumstances, and the claim covered by this agreement ultimately results in recovery, the Firm will be entitled to fair compensation for the work done by them and to reimbursement of expenses advanced before withdrawing.

XX.   Right to Information

The Client is entitled to access to all documents and other things created or received by the Firm in connection with the claim covered by this agreement.   An accounting of expenses ordinarily will not be provided to the Client, until and unless a recovery is made.   However, reasonable interim accountings are available to the client on request.

XXI.   Bindings on Heirs, etc.

The Client agrees to bind the Client's heirs, personal legal representatives, and assigns to this agreement.

XXII.   Assignment Prohibited

The Client is not permitted to assign any or all of the Client's rights under this agreement without written consent to do so from the Firm.

XXIII. Governing Law

Any dispute arising with respect to this contract will be governed by the law of the State of Florida.

XXIV. Opportunity to Read and Understand

The Client has had time to read this agreement carefully, to study it, and to ask the Firm questions about it before signing it.  The Client has also received a STATEMENT OF CLIENT'S RIGHTS from the Firm.

In Witness the parties have executed this agreement in Sarasota County, on _____, ____, 201_.

Signatures:

_____
Kevin F. Sanderson, Esq.

Client sign: _____ -5-17-18
Client Print: _____

Page 5 of  5



U.S. POSTAGE
PAID
PEMBROKE PINES, FL
33024
AUG 20, 18
AMOUNT
**$3.45**
R2303S102835-09

1000          33128

Judge Ursula Ungaro
Wilkie D. Ferguson U.S. District Court House
Southern District of Florida
400 North Miami Avenue   Rm. 12-4
Miami, FL. 33128

33128E1812 COT5

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2016

Ms. Alhasana S. Kelley
10342 Denver Drive
Hollywood, FL. 33026

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL**®

7017 0660 0000 2007 6448